UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN A. McREYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2005 |
| | ) | |
| ORVILLE "PUNCH" MARTIN, in his | ) | |
| individual capacity and in his official | ) | |
| capacity as Marrowbone Township | ) | |
| Highway Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiff, Kevin McReynolds ("McReynolds") has filed this action against Orville "Punch" Martin ("Martin") in his individual capacity and in his official capacity as Marrowbone Township Highway Commissioner ("Highway Commissioner") pursuant to 42 U.S.C. § 1983. McReynolds alleges the defendant retaliated against him for exercising his First Amendment rights. McReynolds seeks reinstatement of his job with full seniority retroactive to the date of the discharge; compensatory damages for back pay and benefits as well as for mental and emotional distress; interest on compensatory damages; costs and attorney's fees; and punitive damages.

The defendant has filed a motion to dismiss [#6]. For the following reasons, the motion is denied.

## BACKGROUND[1]

McReynolds was employed by the Marrowbone Township Highway District ("Highway District") from 1994 until 2005. During that time, his employment consisted of manual labor tasks such as "maintaining and repairing roads, equipment, and buildings." McReynolds' job did not require him to make any policy determinations for the Highway District.

In April 2005, McReynolds ran against Martin in the municipal election for Highway Commissioner.[2] After losing the election, McReynolds congratulated Martin

---

[1] At this stage of the proceedings, the factual assertions in the McReynolds' complaint are accepted as a true account of the events leading up to this lawsuit. *See Kolman v. Sheahan*, 31 F.3d 429, 431 (7th Cir. 1994).

[2] At the time, the position of Highway Commissioner was vacant due to the retirement of the incumbent Commissioner.

and voiced his desire to continue working in the Highway District under Martin's leadership.  Martin declined the offer and terminated McReynolds.  Later, Martin hired another person to fill McReynolds' former position.

McReynolds alleges he performed his duties for the Highway District professionally.  He claims he was fired because he exercised his First Amendment right to run for elected office.  Martin is alleged to have terminated McReynolds "with malice and intent to injure [McReynolds] and with utter disregard for his rights under the Constitution of the United States."

## ANALYSIS

In a Fed. R. Civ. P. 12(b)(6) motion, "[the court] look[s] to the complaint; accept[s] all material allegations made in the complaint as true, and . . . draw[s] all reasonable inferences from the allegations in the plaintiff's favor." *Kolman*, 31 F.3d at 431 (*citing Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992)).  A motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### I. First Amendment Retaliation

McReynolds alleges that he was terminated because he ran against Martin for Highway Commissioner.  The right to associate freely is of paramount importance in First Amendment jurisprudence.  *Elrod v. Burns*, 427 U.S. 347, 356-57 (1976).  McReynolds had the right to run for political office and voice his vision for the direction of the Highway District.[3]

To establish a *prima facie* First Amendment retaliation claim the plaintiff must show: (1) the First Amendment activity was constitutionally protected, and (2) it was a "substantial or motivating factor" in the retaliation.  *Carreon v. Ill. Dep't of Human Servs.*, 395 F.3d 786, 791 (7th Cir. 2005) (*quoting Gustafson v. Jones*, 290 F.3d 895, 906 (7th Cir. 2002)); *see also Mt. Healthy City Sch. Dist. Bd. of Educ v. Doyle*, 429 U.S. 274, 285-286 (1977).

Politically motivated terminations are permissible when employees wield policymaking authority or when they access confidential information.[4]  *Riley v. Blagojevich*, 425 F.3d 357, 359 (7th Cir. 2005).  To determine whether a particular job falls under either exception, it is important, though not dispositive, to look at the job description.  *Riley*, 425 F.3d at 365.  It is also important to have a suitable factual record

---

[3]  Martin's memorandum in support of the motion to dismiss does not dispute that running for office would be a constitutionally protected activity in the retaliation framework.

[4] Some positions are so intertwined with politics that a certain political affiliation is required; for example, election judges are neither policymakers nor confidential employees, but political affiliation is a requisite for the position.  *See Branti v. Finkel*, 445 U.S. 507, 518 (1980) (Stewart, J., concurring).

in order to make an informed determination as to whether a particular job falls under either exception.  *See Kolman*, 31 F.3d at 433 (holding that a lack of factual information precluded Rule 12(b)(6) dismissal).  "In sum, the ultimate inquiry . . . is whether the hiring authority can demonstrate that [political] affiliation is an appropriate requirement for the effective performance of the public office involved."  *Branti*, 445 U.S. at 518.

A position falls within the policymaking exception if "first, there is room for principled disagreement in the decisions reached by the employee and his superiors, and, second, he has meaningful direct or indirect input into the decisionmaking process."  *Tomczak v. City of Chicago*, 765 F.2d 633, 641 (7th Cir. 1985) (*citing Nekolny v. Painter*, 653 F.2d 1164, 1170 (7th Cir. 1981)).  Looking to the complaint, McReynolds alleges that his position did not involve "policymaking or functions that required political loyalty."

The confidential access exception applies to "those government employees who, while not decision makers, are in close contact with policymakers and the highly confidential communications or records affecting decisions."  *Meeks v. Grimes*, 779 F.2d 417, 420 (7th Cir. 1985); *see also Kolman*, 31 F.3d at 432 ("In this circuit, we have recognized that sheriff's deputies in small police departments who are closely connected to the sheriff possess obvious decisionmaking roles: '[p]articularly in a small department, a sheriff's core group of advisers will likely include his deputies.'") (*quoting Upton v. Thompson*, 930 F.2d 1209, 1215 (7th Cir. 1991)).

The complaint pleads no information from which to determine that the confidential access exception applies.  The pleading does not specify the size of the office or the relationship between McReynolds and Martin.  According to McReynolds, his duties only "involved manual labor."  Consequently, McReynolds' job could have been limited to performing maintenance at particular job sites at Martin's direction; it is possible to envision McReynolds and Martin having very little contact with each other.  McReynolds has not foreclosed the possibility that he might prevail in his First Amendment retaliation claim because he has not pled facts inconsistent with his claim for relief.

The defendant has attached to his motion to dismiss the affidavit of John Wise ("Wise"), apparently to show that McReynolds' former position fell within either the policymaking or confidential access exception. Had the court considered the affidavit, the motion to dismiss would be converted to a motion for summary judgment pursuant to Fed. R. 12(b) and McReynolds would have an opportunity to respond.  However, the court has not considered the Wise affidavit because it does not, on its face, provide the needed factual basis for granting the motion.  Wise, a former Supervisor of Marrowbone Township, does not state when he served as Supervisor.  He discusses the office structure, number of employees and their duties, and the organization of the Highway Commissioner's office, but it is unclear whether those conditions existed during the relevant time period.  Consequently, there is an insufficient factual record from which to grant a motion for summary judgment.  Because these facts would bear heavily on whether either of the exceptions applies, the court would welcome a well-supported

motion for summary judgment. The parties shall be given ninety days (90) days to conduct limited discovery on this issue. Relevant to the court's analysis would be information on the organization of the Highway District at the time McReynolds was terminated, including the number and types of employees within the Highway District, the job duties and responsibilities of McReynolds, the possible job-related interaction between McReynolds and Martin, whether McReynolds had unfettered access to the office, and other information the parties deem relevant to the analysis.

## II. Qualified Immunity

Martin claims he is entitled to qualified immunity. To avoid a determination of qualified immunity for a specific defendant must show: (1) a violation of a valid constitutional right, and (2) that the right was clearly established to a reasonable person in the situation. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). The plaintiff bears the burden of showing the right in question was clearly established by pointing to a closely analogous case decided prior to the challenged actions. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 353 (7th Cir. 2005).

Assuming that a Constitutional right was violated, the factual record is not appropriately developed to determine whether the right in question was clearly established. "[P]olitical belief and association constitute the core of those activities protected by the First Amendment." *Elrod*, 427 U.S. at 356; *see also Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990). However, there are exceptions, as noted above. Whether McReynolds' position falls within an exception depends on a more complete factual basis.

## III. Punitive Damages

"Punitive damages are available in § 1983 actions [and] are to be awarded only when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1120-21 (10th Cir. 2004). Municipalities are immune from liability for punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

McReynolds alleges that Martin "acted with malice and intent to injure him and with utter disregard for his rights under the Constitution of the United States." This allegation clearly allows McReynolds to state a claim for punitive damages against Martin personally.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [#6] is denied. The defendant has 14 days to file an answer to the complaint. The parties are granted 90 (ninety) days to conduct limited discovery consistent with this order. A separate order will be entered scheduling a Rule 16 conference for November 14, 2006 at 1:30 p.m. The Rule 16

conference will be vacated if the defendants file a well-supported motion for summary judgment before that date.

        Entered this 10th day of August, 2006.

**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
